**STATE of Maine**

v.

**Nathaniel W. HUNT.**

Supreme Judicial Court of Maine.

Argued March 8, 1989.

Decided April 5, 1989.

---

**654**

---

James E. Tierney, Atty. Gen., James P. Howaniec (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Peter B. Mills (orally), Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

WATHEN, Justice.

After entering a conditional guilty plea, Nathaniel W. Hunt appeals from a conviction in the Superior Court (Sagadahoc County, *Cole, J.*) of operating under the influence in violation of 29 M.R.S.A. § 1312–B (Pamph.1988). On appeal he argues that the District Court erroneously failed to suppress the results of a breath test for blood alcohol. Finding no error we affirm the judgment.

Defendant's vehicle was stopped by police officers because of a defective taillight. The officer learned that defendant was under the age of 21 and detected an odor of alcohol on his breath. After subjecting defendant to certain field sobriety tests, the officer determined that although there was no probable cause to believe that defendant was operating under the influence, there was probable cause to believe that he was in violation of 29 M.R.S.A. § 2241–G(2) (Pamph.1988) (the civil ".02 law").[1] The officer informed defendant of his duty to submit to a test to determine his blood alcohol content and defendant took a breath test. As a result of that test, the present charge of operating under the influence was brought against defendant. Defendant moved in the District Court to suppress the test results arguing that the .02 law violates the fourth amendment prohibition against unreasonable searches and seizures. The District Court (Bath, *MacNichol, J.*) denied his motion and it is from this order that he appeals.

Noting that the .02 law is civil rather than criminal, defendant begins his argument by characterizing the testing proce-

---

1. 29 M.R.S.A. § 2241–G(2)(B) & (C) provide in relevant part as follows:

B. Except where a longer period of suspension is otherwise provided by law, the Secretary of State shall suspend for a period of one year, without preliminary hearing, the provisional license of any person who has not attained his 21st birthday:

. . . . .

(2) As to whom he determines has operated or attempted to operate a motor vehicle while having 0.02% or more by weight of alcohol in his blood.

C. Any person not having attained his 21st birthday who operates or attempts to operate a motor vehicle within this State shall have

the duty to submit to a test to determine his blood-alcohol level by analysis of his blood or breath, if there is probable cause to believe he has operated or attempted to operate a motor vehicle while having 0.02% or more by weight of alcohol in his blood. The provisions of section 1312 shall apply, except that in all cases probable cause shall be to believe that the person was operating or attempting to operate a motor vehicle while having 0.02% or more by weight of alcohol in his blood and that the person had not attained his 21st birthday, and except that suspension for failing to comply with the duty to submit to the test shall be for a period of one year.

dure authorized by the statute as an "administrative search." Proceeding from that premise he then interprets the opinion of the Supreme Court in *Camara v. Municipal Court,* 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967), as holding that searches for civil violations are necessarily based on less probable cause than would be required in the criminal setting. This erroneous interpretation permits him to argue that no search for evidence of a civil violation may be personal in nature or involve more than a limited invasion of privacy.

In *Camara,* the Supreme Court imposed a relaxed requirement of probable cause on inspections for building code violations and other administrative searches. Balancing the limited nature of the search against the constitutional requirement of reasonableness, the Court held that city-wide inspection could be conducted even though the inspectors had less particularized probable cause than would be required if they were searching for evidence of a crime. 387 U.S. at 535, 87 S.Ct. at 1734. Contrary to defendant's argument, however, it does not follow that every search for evidence of a civil violation is necessarily supported by a lesser finding of probable cause. Indeed, in the present case the Legislature imposed the same requirement for probable cause under the .02 law as is applied to criminal violations.

> "The provisions of section 1312 [criminal OUI] shall apply, except that in all cases probable cause shall be to believe that the person was operating or attempting to operate a motor vehicle while having 0.02% or more by weight of alcohol in his blood and that the person had not attained his 21st birthday."

29 M.R.S.A. § 2241–G(2)(C). Although the search authorized by the .02 law is more intrusive than the search involved in *Camara,* the Legislature has not relaxed the requirement of a particularized finding of probable cause to believe that a violation has occurred. The District Court committed no error in denying the motion to suppress.

Defendant's remaining argument is without merit. We have recently held that evidence discovered inadvertently in the course of a properly conducted .02 search, is admissible in a subsequent criminal prosecution. *State v. Ryne G.,* 509 A.2d 1164, 1166–67 (Me.1986).

The entry is:

Judgment affirmed.

All concurring.